**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES JASON SIMPSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-1031-O-BP** |
| | § | |
| **PARKER COUNTY** | § | |
| **APPRAISAL DISTRICT,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Plaintiff James Jason Simpson ("Simpson") (ECF No. 1) and Simpson's Response to the Court's Questionnaire (ECF No. 8). This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. By Order dated October 12, 2023, the Court granted Simpson's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 5. To better evaluate his allegations, the Court ordered Simpson to answer a Questionnaire concerning his claims. ECF No. 6. Simpson filed his Response to the Questionnaire on January 18, 2024. ECF No. 8.

## I.    BACKGROUND

This is a case about property taxes. Simpson's "parents were sick in bed during the year 2021[,]" during which time he alleges that Defendant Parker County Appraisal District ("PCAD") overassessed their property located at 104 Melody Lane, Weatherford TX ("Property"). ECF Nos. 1; 8 at 1-2. Specifically, he alleges that Defendant Rick Armstrong ("Armstrong") classifies all properties in Parker County as commercial, even when they should be classified as residential.

ECF Nos. 1; 8 at 7. He seems to allege that the Property was one of these wrongly classified properties. ECF Nos. 1; 8 at 7. In October 2021 and January 2022, PCAD raised the assessment by "over $100,000.00[,]" and the Property is currently valued at $360,570.00, despite the house being "unliveable." ECF Nos. 1; 8 at 1. Simpson alleges that PCAD makes these assessments "out of [thin air.]" ECF No. 8 at 1. When asked by the Court, Simpson refused to answer what he contended was the proper taxable and market values of the Property. *Id.*

Since the 2021 and 2022 assessments, Simpson's parents have died, leaving him as the sole heir to the Property. ECF Nos. 1; 8 at 2. Apparently, PCAD's assessment resulted in the Property being held in probate. ECF No. 1. Simpson also alleges that PCAD "is in [illegal] possession of the" deed to the Property, even though the Property has "already been paid off from the bank." ECF Nos. 1; 8 at 6. When asked if Simpson challenged PCAD's valuation before the Parker County Appraisal Review Board or a court of Parker County, Texas, Simpson responded that because his parents were bedridden before their death, they were unable to do so. ECF No. 8 at 1, 2. He seeks $250,000 in relief from PCAD for violating his Fourth, Eighth, and Fourteenth Amendment rights and for "attempting to steal" the Property from him. ECF No. 8 at 7. He does not appear to seek any relief from Armstrong.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*,

81 F.3d 1182, 1187 (2d Cir. 1996)). Any dismissal for lack of subject matter jurisdiction "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

"Lack of standing is a defect in subject matter jurisdiction." *Reyes v. N. Texas Tollway Auth.*, 830 F. Supp. 2d 194, 201 (N.D. Tex. 2011) (collecting cases). Thus, federal courts must raise the issue *sua sponte* where necessary. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002). The plaintiff bears the burden of establishing standing. *La. State by & through La. Dep't of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 878 (5th Cir. 2023). To establish standing, Simpson must show (1) an actual or imminent, and concrete and particularized injury-in-fact; (2) fairly traceable to the defendant's conduct; (3) that is redressable. *Fla. Dep't of Ins., v. Chase Bank of Tex. Nat. Ass'n*, 274 F.3d 924, 928-29 (5th Cir. 2001) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561-62.

Additionally, because Simpson proceeds *in forma pauperis*, his Complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim for relief, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a

claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

## III.    ANALYSIS

### A.    Simpson has not shown an injury-in-fact for his claim that PCAD attempted to steal the Property, and the claim is not ripe.

Liberally construed, Simpson accuses PCAD of attempting to steal the Property, imposing illegal taxes, and violating his right to due process. ECF Nos. 1, 8. To establish an injury-in-fact, a plaintiff must show that he suffered "'an invasion of a legally protected' interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). To be sufficiently "concrete," the injury cannot be "abstract" but must be "'de facto'; that is, it must actually exist." *Id*. at 340. To be sufficiently "particularized," the injury "must affect the plaintiff in a personal and individual way." *Id*. at 339 (internal quotation marks omitted). "To be sufficiently actual or imminent, the injured plaintiff must suffer 'continuing, present adverse effects' or 'show that he will soon expose himself to the injury' through 'concrete plans' demonstrating his injury is 'certainly impending.'"

4

*Texas v. United States*, 524 F. Supp. 3d 598, 618 (S.D. Tex. 2021) (quoting *Lujan*, 504 U.S. at 564 & n.2)).

Simpson has not pleaded facts sufficient to show that his alleged injury is anything more than a hypothetical harm. Based on Simpson's well-pleaded facts, the Property is currently in probate, and there has been no foreclosure action instituted yet. ECF No. 1; *see also* ECF No. 8 at 4-5 (arguing in hypotheticals), 6 ("PCAD *wants* to have 'TAX FORECLOSURE' on my property [sic]" (italics added)), 7 (accusing PCAD of "*attempting* to steal" his property (italics added)). Liberally construed, Simpson alleges that PCAD is part of a scheme to steal land from Parker County residents, in which they (1) misclassify residential properties as commercial; (2) over-assess their value to raise the property taxes; (3) hire "third party law firms" to put tax liens on the properties; (4) have judges "illegally sign" writs of execution "to illegally proceed to" a tax foreclosure; and (5) then "the PCAD officials are able to keep the money from the tax sale[.]" ECF Nos. 1; 8 at 6-7.

When asked to elaborate on "all <u>facts</u> known" to him that he relies on to substantiate his claims of theft against PCAD, Simpson responded that:

> Everyone knows how PCAD illegally attaches "LIENS" on property, then sells the properties and keep all of the money. It is a common practice in all Texas counties. Since the property owners never exert their rights, PCAD simply files "FAKE LIENS" by hiring "THIRD PARTY LAW FIRMS" to perpetrate "THEFT" and "EXTORTION" [sic.]

ECF No. 8 at 4 (emphasis in original); *see also id.* at 3. But Simpson's arguments in the abstract do not show any "concrete plans" that demonstrate that his injury is "certainly impending," so he does not plead an injury-in-fact. *Lujan*, 504 U.S. at 564 & n.2.

Additionally, because Simpson's claims regarding his interest in the Property are speculative, they are not ripe. "Ripeness is a justiciability doctrine 'drawn from both Article III

limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Watkins v. City of Arlington*, No. 4:14-cv-381-O, 2015 WL 12733395, at *3 (N.D. Tex. Jan. 8, 2015) (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)). It prevents courts from "premature adjudication and entanglement in abstract disagreements." *Id.* (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). Courts should dismiss a case for ripeness "when the case is abstract or hypothetical. *Id.* (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Indeed, based on Simpson's well-pleaded facts, the loss of his interest in the Property hinge on his hypothetical refusal to pay the property taxes assessed on it.

Thus, because Simpson has not shown an injury-in-fact, and the claim is not ripe, Judge O'Connor should dismiss the claim without prejudice.

### B.    Simpson did not state a claim against PCAD for violation of his right to due process.

Simpson argues that PCAD violated his Fourteenth Amendment right to due process by (1) overvaluing the Property in October 2021 without notifying his parent's estate (ECF No. 1); (2) improperly classifying the Property as commercial without notifying parent's estate (ECF Nos. 1; 8 at 6); and (3) imposing property taxes on the Property without his or his parent's signing of a contract with PCAD (ECF No. 8 at 5).

"In a [42 U.S.C. § 1983] cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995). Here, Simpson has alleged that his interest in the Property is currently in probate, but he has not pleaded facts sufficient to "identify a state action that resulted in a deprivation of that interest." *Id.* Indeed, he alleges that PCAD "attempted" and "intended" to steal

the Property, but not that they have stolen it. ECF Nos. 1; 8 at 7. Thus, he has failed to state a claim for a due process violation. Accordingly, Judge O'Connor should dismiss Simpson's Fourteenth Amendment claim against PCAD without prejudice.

### C.    Simpson has not shown standing for his Fourth or Eighth Amendment claims.

While Simpson seeks damages for PCAD's alleged violations of his Fourth and Eighth Amendment rights, he pleads no facts to show how Defendants violated those rights. Thus, he has not pleaded an injury-in-fact, and his Fourth and Eighth Amendment claims should be dismissed without prejudice.

### D.    Simpson has not shown his claims against Armstrong are redressable.

While Armstrong's name appears nowhere in the body of the Complaint, in Simpson's Questionnaire Response, he accuses Armstrong of violating Simpson's right to due process by (1) improperly classifying all properties in Parker County as commercial without notifying the property owners; and (2) ordering PCAD employees to not allow Simpson to obtain pertinent tax information about the Property in October 2022. ECF No. 8 at 3, 6.

As to the first, Simpson once again alleges no injury-in-fact, as none of his well-pleaded facts show how Armstrong's alleged improper classification caused a harm particularized to him. *Spokeo*, 578 U.S. at 339. As to the second, even assuming Simpson pleaded an injury-in-fact, he failed to show how this alleged injury is redressable. To show redressability, a plaintiff must demonstrate "a substantial likelihood that the requested relief will remedy the alleged injury-in-fact." *El Paso Cnty. v. Trump*, 982 F.3d 332, 341 (5th Cir. 2020) (citing *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)). But Simpson does not even seek damages from Armstrong (ECF No. 8), let alone show that his alleged injury is redressable. Accordingly, Judge O'Connor should dismiss Simpson's claims against Armstrong without prejudice.

**E.    Simpson's claims are rooted in a frivolous argument.**

Finally, the Court notes that underlying all of Simpson's claims is the frivolous argument that he is exempt from paying property taxes. *See* ECF No. 1 (arguing that state property taxes are illegal under the U.S. Constitution). Specifically, he seems to argue that he owes no taxes because he and his parents never signed a "'SITIS' [sic] or a contract with PCAD agreeing to pay anything to PCAD[,]" he "never plan[s] to go into any type of 'NEXUS' [sic] with PCAD[, he] refuse[s] to participate in their illegal 'SCAMS of EXTORTION' [sic,]" and he "is :NOT: [sic] a taxpayer and never plan[s] to be." ECF No. 8 at 1-2, 5. While these arguments have no basis in law, and are thus, frivolous, the undersigned recommends that Judge O'Connor dismiss these claims under 28 U.S.C. § 1915 without prejudice, so that Simpson might pursue his appropriate state administrative and judicial remedies.

**IV.    CONCLUSION**

Because Simpson's pleadings failed to show an injury-in-fact, state a claim upon which relief may be granted, demonstrate that his claims of conversion are ripe, or allege facts sufficient to show a redressable claim against Rick Armstrong, Judge O'Connor should **DISMISS** Simpson's claims **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

8

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on January 26, 2024.

                          Hal R. Ray, Jr.
                          UNITED STATES MAGISTRATE JUDGE